**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH G. LEVY,

      Plaintiff - Appellant,

vs.

DENNIS KAFKA, physician of
Ellsworth Correctional Facility;
CHARLES SIMMONS, Secretary
Department of Corrections, Kansas,

      Defendants - Appellees.

No. 00-3306
(D.C. No. 00-CV-3004-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Kenneth Levy, an inmate appearing pro se, brought this 42 U.S.C. § 1983

action seeking injunctive relief against prison officials. He alleges that he has

been denied adequate medical care for several conditions including a double

hernia. Mr. Levy believes that corrective surgery and pain medication is required

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

whereas the medical staff diagnosed a single hernia, provided a truss belt, ordered a weight restriction of twenty pounds, and concluded that surgical intervention was not now indicated. The district court determined that Mr. Levy had exhausted his administrative remedies, but dismissed the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Even giving the complaint its mandated liberal construction and taking Mr. Levy's allegations as true, Mr. Levy has not stated an Eighth Amendment claim. The materials submitted by Mr. Levy demonstrate the availability of medical care–Mr. Levy disputes the diagnosis and contends that different treatment is required to alleviate his pain and suffering. His allegations do not demonstrate deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). A medical decision to forego one form of treatment in favor of a therapeutic device is not sufficient. Estelle, 429 U.S. at 107 (noting that medical decision not to afford a particular measure may be malpractice (negligence) but it is not a constitutional violation); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Moreover, the facts as alleged by Mr. Levy do not satisfy the subjective component required of an Eighth Amendment claim–that Mr. Levy faces a substantial risk of serious harm and that the defendants have disregarded that risk by failing to take action. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

AFFIRMED. We construe Mr. Levy's "Document and Evidentiary-Material In Support of Case Above-Captioned" as a motion to supplement the record and DENY it as cumulative. Mr. Levy is reminded of his obligation to continue making partial payments on the filing fee until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge